IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) ) ) | |
| Plaintiff | ) ) | CIVIL ACTION NO. 06-01566 (RWR) |
| v. | ) ) | |
| Y. V. CONSTRUCTION INC a/k/a Y.V. Construction, Inc. a/k/a Y V Construction, Inc. a/k/a YV Construction Incorporated | ) ) ) ) ) ) | |
| Defendant | ) | |

## MOTION FOR ENTRY OF JUDGMENT BY DEFAULT

Plaintiff, International Painters and Allied Trades Industry Pension Fund, respectfully moves this Court for entry of judgment by default against Defendant, Y. V. Construction Inc. a/k/a Y.V. Construction, Inc. a/k/a Y V Construction, Inc. a/k/a YV Construction Incorporated ("Company" or "Defendant") in the amount of $22,611.42. On February 27, 2007, Plaintiff filed with the Clerk of the Court a Request to Enter Default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). Default was subsequently entered on February 28, 2007.

Accompanying this motion are a supporting memorandum of points and authorities, the Declaration of Thomas C. Montemore (attached as Exhibit 1), the Declaration of Sanford G.

**[GOTO NEXT PAGE]**

180199-1

Rosenthal (attached as Exhibit 2), and a proposed default judgment.

                              Respectfully submitted,

                              JENNINGS SIGMOND, P.C.

                              BY:/s/ Sanford G. Rosenthal
                              SANFORD G. ROSENTHAL, ESQUIRE
                              (I.D. NO. 478737)
                              The Penn Mutual Towers, 16th Floor
                              510 Walnut Street, Independence Square
                              Philadelphia, PA 19106-3683
                              (215) 351-0611

Date: March 1, 2007           Attorney for Plaintiff

OF COUNSEL:
JEROME A. FLANAGAN, ESQUIRE
Jennings Sigmond, P.C.
510 Walnut Street, Suite 1600
Philadelphia, PA 19106
(215) 351-0660

180199-1                               2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED ) <br> TRADES INDUSTRY PENSION FUND ) <br> ) <br>                   Plaintiff ) <br> v. ) <br> ) <br> Y. V. CONSTRUCTION INC ) <br>     a/k/a Y.V. Construction, Inc. ) <br>     a/k/a Y V Construction, Inc. ) <br>     a/k/a YV Construction Incorporated ) <br> ) <br>                   Defendant ) | CIVIL ACTION NO. <br> 06-01566 (RWR) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN**
**SUPPORT OF MOTION FOR ENTRY OF JUDGMENT BY DEFAULT**

      Plaintiff, International Painters and Allied Trades Industry Pension Fund (the "Pension Fund"), is entitled to an Order entering judgment by default against Defendant, Y. V. Construction Inc. a/k/a Y.V. Construction, Inc. a/k/a Y V Construction, Inc. a/k/a YV Construction Incorporated ("Company" or "Defendant"), in the amount of $22,611.42.

      The Pension Fund served its Complaint on Defendant on September 25, 2006. To date, Defendant has failed to answer the Complaint or to otherwise defend this action. Plaintiff filed a Request to Clerk to Enter Default against the Defendant pursuant to Fed. R. Civ. P. 55(a) on February 27, 2007. Default was entered against the Defendant on February 28, 2007. Plaintiff now submits its motion for entry of judgment by default.

      In light of Defendant's default and Defendant's continuing failure to appear or otherwise defend, the Pension Fund is entitled to judgment by default against Defendant without a hearing. Fed. R. Civ. P. 55(b); <u>United States v. De Frantz</u>, 708 F. 2d 310 (7th Cir. 1983); <u>Draisner v. Liss</u>

180199.1

Realty, 211 F. 2d 808 (1954). Moreover, where a defendant, such as the one here, fails to respond to the Complaint, all factual allegations in the Complaint are deemed admitted. Thomson v. Wooster, 114 U.S. 104 (1885); Au Bon Pain Corp. v. Artect, Inc., 653 F 2d 61 (2d Cir. 1981); U.S. ex. Rel. v. Carr, 567 F. Supp. 831, 840 (W.D. MI 1983). General allegations of fact are also deemed true. Danning v. Lavin, 572 F. 2d 1386, 1388-89 (9th Cir. 1978) (allegations of insolvency pled in general terms held sufficient to support a finding of fraudulent conveyance or voidable preference).

Defendant is and has been party to collective bargaining agreements (singly or jointly "Labor Contract") with the various local unions and district councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO-CFC ("International" or "Union"), including District Council No. 51 ("Local"). Under the Labor Contract, Defendant is required to remit fringe benefit contributions and other sums to Plaintiff. See, Exhibit 1, Montemore Declaration, ¶5. The failure to pay these fringe benefit contributions and other amounts results in a delinquency to the Plaintiff.

## ARGUMENT

### A. ENTRY OF JUDGMENT AGAINST DEFENDANT FOR UNPAID CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES AND ATTORNEYS' FEES AND COSTS IS ENTIRELY APPROPRIATE

#### 1. Company is Bound by the Terms and Conditions of a Collective Bargaining Agreement with the Union.

Company is a party to a Labor Contract with the Union. See, Exhibit 1, Montemore Declaration, ¶5. The Labor Contract provides for the payment of contributions to the Pension Fund for time worked by or paid to employees who perform work covered by its terms and conditions. See, Exhibit 1, Montemore Declaration, ¶5. Failure to make these contributions, or to submit either incorrect or late remittance reports, results in a delinquency to the Pension Fund.

Ibid. Under the Labor Contract, the Pension Fund also has the right to audit the signatory's payroll books and related records to determine that all of the required contributions have been paid. See, the Agreement and Declaration of Trust of the Pension Fund ("Trust Agreement", attached as Exhibit 1 to the Complaint filed in this matter and incorporated by reference), Art. VI, Sec. 6. Finally, under the terms of the Labor Contract, the employer agrees to be bound by the Trust Agreement and the International Painters and Allied Trades Industry Pension Plan ("Plan") (attached as Exhibit 2 to the Complaint filed in this matter and incorporated by reference) and by all amendments thereto and actions taken by the trustees of the Pension Fund. See, Complaint, ¶¶7-8; Exhibit 1, Montemore Declaration, ¶¶5, 6.

Furthermore, Section 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1145, provides:

> Every Employer who is obligated to make contributions to a bargained agreement shall ... make contributions in accordance with ... such agreement.

If an employer fails to make the contributions as required by the collective bargaining agreement and Section 515 of ERISA, then the employer is subject to the provisions of Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2). Section 502(g)(2) provides for the mandatory award of the following if a judgment is entered in the Pension Fund's favor pursuant to Section 515:

    A.    the unpaid contributions;

    B.    interest on the unpaid contributions;[1]

    C.    an amount equal to the greater of:

---

[1]    Section 10.12(b)(2) of the Plan sets the interest rate on delinquent contributions according to the Internal Revenue Service rate for delinquent taxes. *See,* Complaint, Exhibit 2.

    (i)  interest on the unpaid contributions; or

    (ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the Court under subparagraph (a);[2]

  D.  reasonable attorneys' fees and costs of the action, to be paid by the defendant; and

  E.  such other legal or equitable relief as the court deems appropriate.

As stated above, Defendant has failed to submit contributions in the period March 2006 through January 2007. *See*, Exhibit 1, Montemore Declaration, ¶7. As a result, Plaintiff is entitled to judgment in at least the amount of $22,611.42.

  **a. Defendant owes fringe benefit contributions in the amount of $15,103.35.**

Defendant owes the Pension Fund at least $13,323.75 in contributions for the months of March 2006 through October 2006, based on remittance reports submitted by the Company. Montemore Declaration, ¶6. Defendant owes at least $1,779.60 in contributions for the months of November 2006 through January 2007 based on estimates prepared by Plaintiff. The estimated contributions are calculated by the Pension Fund based on the average of the last three months of remittance reports filed by Company. The contributions are estimated because Company failed to submit the required remittance report for that period. The total for unpaid and estimated contributions is $15,103.35.

---

[2]  ERISA and §10.12(b)(3) of the Plan's rules and regulations mandate that liquidated damages be awarded in an amount equal to the greater of interest or 20% of unpaid contributions due at the commencement of the lawsuit and those which become delinquent during the course of the litigation. *See*, Complaint, Exhibit 2. Article VI, Sec. 4 of the Trust Agreement also provides for the assessment of liquidated damages on contributions paid after the due date. *See*, Complaint, Exhibit 1.

180199-1             4

      **b.    Defendant owes interest through March 15, 2007 in the amount of $685.65.**

Section 10 of the International Painters and Allied Trades Industry Pension Plan ("Plan") (attached as Exhibit 2 to the Complaint filed in this matter and incorporated by reference) sets the interest rate on delinquent contributions according to the Internal Revenue Service rate for delinquent taxes. Interest accruing through March 15, 2007 on Defendant's delinquent contributions totals $685.65. Interest shall continue to accrue on unpaid contributions in accordance with the Plan and ERISA until the date of actual payment. Montemore Declaration, ¶7; 29 U.S.C. § 1132(g)(2); 26 U.S.C. § 6621.

      **c.    Defendant owes liquidated damages in the amount of $3,020.67.**

ERISA and §10.12(b)(3) of the Plan's rules and regulations mandate that liquidated damages be awarded in an amount equal to the greater of interest or 20% of unpaid contributions due at the commencement of the lawsuit and those which become delinquent during the course of the litigation. Article VI, Sec. 4 of the Pension Fund's Trust Agreement also provides for the assessment of liquidated damages on contributions paid after the due date. As indicated above, Defendant owes at least $15,103.35 in delinquent contributions. Twenty percent (20%) of these amounts is $3,020.67. The total amount of liquidated damages ($3,020.67) is greater than the interest due ($685.65). Therefore, the amount of liquidated damages which Defendant owes is $3,020.67. *See*, Exhibit 1, Montemore Declaration, ¶8; 29 U.S.C. §1132(g)(2)(C).

      **d.**     **Defendant owes late charges in the amount of $117.35.**

ERISA and §10.12 of the Plan allow other legal or equitable relief as the Court deems appropriate. Article VI, § 4 of the Pension Fund's Agreement and Declaration of Trust provides for "late charges" in the form of interest on contributions paid more than twenty days after the due date and prior to litigation. Defendants owe $117.35 in late charges for the period September 2005 through January 2006. Montemore Declaration, ¶9. See also, International Brotherhood of Painters and Allied Trades International Union and Industry Pension Fund v. Claser Painting Corporation, No. 91-7185, slip. op. at *1-2 (D.C. Cir. Feb. 1, 1993).

      **e.**     **Defendant owes returned check fees in the amount of $50.00.**

Defendant submitted check # 1421 in the amount of $13,323.75 for contributions owed to the Pension Fund which was subsequently not honored by the Defendant's bank. The bank assessed returned check fees totaling $50.00. These amounts are owed to the Pension Fund. Montemore Declaration, ¶10.

      **f.**     **Defendant owes attorneys' fees in the amount of $3,634.40.**

Plaintiff has incurred $3,634.40 in attorneys' fees and costs in connection with this matter through February 26, 2007. See, Exhibit 2, Rosenthal Declaration, ¶2; Exhibit 3. See, 29 U.S.C. §1132(g)(2). The Pension Fund is entitled to reimbursement of all attorneys' fees and costs it incurs in connection with the enforcement and collection of any judgment entered by the Court. See, *Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co.*, 57 Fed. Appx. 972 (3d Cir. 2003); *Free v. Briody*, 793 F.2d 807 (7th Cir. 1986); *Sheet Metal Workers Health and Welfare Trust Fund v. Big D Service Co.*, 867 F.2d 852 (10th Cir. 1989).

## CONCLUSION

Plaintiff, thus, requests that the Court enter a judgment against Defendant, Y. V. Construction Inc. a/k/a Y.V. Construction, Inc. a/k/a Y V Construction, Inc. a/k/a YV Construction Incorporated ("Company" or "Defendant") in the amount of $22,611.42 and, in light of the clear statutory intent of ERISA, it is further requested that this Court grant the Pension Fund all other relief to which it may be entitled under applicable law and as requested in the Motion for Default Judgment.

                Respectfully submitted,

                JENNINGS SIGMOND, P.C.

BY: /s/ Sanford G. Rosenthal
     SANFORD G. ROSENTHAL (BAR NO. 478737)
     The Penn Mutual Towers, 16th Floor
     510 Walnut Street, Independence Square
     Philadelphia, PA 19106-3683
     (215) 351-0611
     Counsel for Plaintiff

DATE: March 1, 2007

OF COUNSEL:
Jerome A. Flanagan
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
(215) 351-0660